UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R & E PIZZA PEOPLE, INC., <br> d/b/a Little Caesars Pizza, <br><br> Plaintiff, <br><br> v. <br><br> STEPHAN MACHINERY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:14-cv-126-PPS-SLC <br> ) <br> ) <br> ) <br> ) |

## **OPINION AND ORDER**

Before the Court is "Defendant's Emergency Motion for Extension of Time" filed on April 10, 2015, by Defendant Stephan Machinery, Inc. ("Stephan"), seeking an extension of the deadline to serve its Rule 26(a)(2) expert disclosures. (DE 25). Plaintiff R & E Pizza People, Inc., d/b/a Little Caesars Pizza ("R & E"), filed a response on April 24, 2015, objecting to the extension. (DE 28). Stephan has not filed a reply brief to the motion, and the time to do so has now run. For the following reasons, Stephan's motion will be DENIED.

### *A. Factual and Procedural Background*

R & E filed this case against Stephan in Steuben County Superior Court in March 2014, alleging that Stephan manufactured a product that malfunctioned and caused a fire at R & E's premises, resulting in significant damage. (DE 3). Stephan timely removed the case to this Court. (DE 1).

A preliminary pretrial conference was held on June 3, 2014, at which the following deadlines were established: March 6, 2015, for R & E's Rule 26(a)(2) expert disclosures; April 10, 2015, for Stephan's Rule 26(a)(2) expert disclosures; and May 26, 2015, for the close of

discovery. (DE 13; DE 17). On April 10, 2015, Stephan filed the instant motion for extension of the deadline for its expert disclosures. (DE 25).

### B. Applicable Legal Standard

A scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Lawson v. Bethesda Lutheran Cmtys., Inc.*, No. 1:11-cv-228, 2012 WL 3288737, at *2 (N.D. Ind. Aug. 10, 2012).

### C. Discussion

In its motion, Stephan seeks an extension of 30 to 45 days, explaining that there is still discovery to be completed that could impact its expert disclosures. (DE 25 at ¶ 2). More specifically, Stephan states that it has not yet taken any depositions, including the two former employees who were working the night of the fire. (DE 25 at ¶ 2). Stephan further represents that R & E's deposition of the fire investigator is set for April 13th—after Stephan's expert disclosures deadline. (DE 25 at ¶ 3).

In its objection, R & E emphasizes, and rightly so, that Stephan has failed to demonstrate that despite its diligence, the deadline for its expert disclosures could not have been met. *Lawson*, 2012 WL 3288737, at *2. In fact, on the same date it filed the instant "[e]mergency" motion, Stephan purportedly mailed its expert designations and report to Stephan (received by Stephan on April 15), suggesting that it indeed *could* meet the deadline. (DE 28 at ¶ 10).

Notably, Stephan fails to offer any reason why it has not taken a single deposition during the ten months of discovery to date. Indeed, if Stephan wanted to depose the fire investigator prior to the expert disclosures deadline, it could have noticed the deposition and done so. In that same vein, R & E in its response brief catalogs its communications with Stephan regarding the depositions of the two former employees who were working the night of the fire. The communications are riddled with Stephan's failure to respond to R & E's proffered dates for depositions of the two employees. (DE 28 at ¶ 7).

As stated earlier, Stephan has not filed a reply brief to its motion, and the time to do so has run. On this record, the Court can only conclude that Stephan has failed to exercise diligence with respect to the desired depositions, and as such, has not demonstrated good cause under Rule 16(b)(4) for an extension of the deadline for its expert disclosures. *See Lawson*, 2012 WL 3288737, at *2. Accordingly, Stephan's motion for extension will be DENIED.

### D. Conclusion

For the foregoing reasons, "Defendant's Emergency Motion for Extension of Time" (DE 25) is DENIED.

SO ORDERED.

Entered this 6th day of May, 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge