**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

R&E PIZZA PEOPLE, INC., d/b/a Little Caesars Pizza,

Plaintiff,

vs.

STEPHAN MACHINERY, INC.,

Defendant.

CAUSE NO. 1:14-cv-126-PPS

**OPINION AND ORDER**

This is a subrogation action involving a fire at a Little Caesars Pizza in Angola, Indiana. Little Caesars claims that a mixer designed, manufactured, and installed by Stephan Machinery, Inc. malfunctioned and caught fire, causing almost $286,000 in damage to the pizza store. (That particular Little Caesars is owned by R&E Pizza People, Inc., but for ease of reference I will just call them R&E for short.) Stephan Machinery filed a motion for summary judgment and R&E subsequently moved to bar the expert testimony of Stephan Machinery's experts Gary Woodall and Mark Howard and to exclude their expert reports. For the reasons detailed in this Opinion and Order, both motions are denied.

**BACKGROUND**

On February 15, 2013, there was a fire at the Little Caesars Pizza store in Angola, Indiana. [DE 39 at 2.] Two of R&E's employees, Erica Poikey and Shannon Green, were responsible for closing the store on the night of February 14, 2013. [DE 40-2 at 2.]

Poikey and Green left the store at approximately 10:30 pm. [DE 39 at 2.] Within the store, there was a Stephan Machinery dough mixer. [*Id.*] The mixer had been purchased from Blue Line Food Service Distributing. [DE 40-2 at 6.] There was a preparation table located in close proximity to the mixer. [DE 40-7 at 3.] On the night of the fire, there was a cardboard box sitting on the bottom shelf of the preparation table. [*Id.* at 4-5.] That box contained professionally cleaned towels that were used for wiping up sauce or grease on tables and general cleaning. [*Id.* at 5-7.]

Around 9:30 am on February 15, 2013, the fire was discovered when the store was opened by Maureen Snook, a manager for R&E. [DE 40-2 at 2; DE 40-3 at 3.] Upon entering the building, Snook noticed that it was full of smoke and that the indicator lights on the pizza oven were "on." [DE 40-3 at 3-4; DE 43 at 4.] Snook turned off the pizza oven and a bread warmer and then exited the building, and immediately contacted the Angola fire Department. [DE 40-3 at 4; DE 43 at 6.]

R&E filed its complaint against Stephan Machinery in state court and Stephan Machinery removed the action to this Court. [DE 1.] The complaint had seven counts but R&E tells me it only intends to pursue its claims of strict liability, breach of implied warranty of merchantability, and negligence. [DE 43 at 15.] R&E's allegations hinge on its claim that the fire originated at the mixer, which was designed, manufactured, assembled, distributed, and sold by Stephan Machinery. [DE 3 at ¶4.] Stephan Machinery, however, asserts that the origin of the fire could not have been the mixer because it was unplugged [DE 39 at 2-3], and that the origin of the fire was the

cardboard box on the shelf under the preparation table, with the most probable cause being the spontaneous combustion of the towels contained in the box [*Id.* at 3-4; 20-21]. R&E has moved to strike Stephan Machinery's experts while Stephan Machinery has moved for summary judgment relying, in part, on its experts' analysis.

## DISCUSSION

### I. R&E's Motion to Bar Expert Testimony of Defendant's Experts Gary Woodall and Mark Howard.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). Rule 702 provides, in relevant part, that if "scientific, technical or other specialized knowledge will help the trier of fact[,] . . . [a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify [thereto] in the form of an opinion . . . ." Fed. R. Evid. 702. The Rule "also requires that: (1) the testimony must be based upon sufficient facts or data; (2) it must be the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case." *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 824 (7th Cir. 2010).

Under this framework, I must act as a gatekeeper for expert testimony, determining prior to admission whether the testimony is both relevant and reliable. *U.S. v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009). In conducting this inquiry, I must focus solely on principles and methodology, not on the conclusions they generate. *Winters v.*

*Fru-Con Inc.*, 498 F.3d 734, 742 (7th Cir. 2007). "The goal of *Daubert* is to assure that experts employ the same 'intellectual rigor' in their courtroom testimony as would be employed by an expert in the relevant field." *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

R&E presents three challenges to the expert report and testimony. *First*, R&E argues that Stephan Machinery failed to timely disclose its experts in line with the Court's Scheduling Order. [DE 45 at 2-4.] This is patently false. While Stephan Machinery moved on the expert designation deadline for an Emergency Motion for Extension of Time [DE 25] to extend the deadline to designate experts, seeking additional time to depose R&E employees, it also placed in the mail to R&E its expert designations and report. By placing its designations and report in the mail on the date of the deadline, Stephan Machinery properly served R&E pursuant to Federal Rule of Civil Procedure 5(b)(2)(c).

R&E's reliance on Judge Collins' Opinion and Order denying Stephan Machinery's Emergency as an indication that Stephan Machinery was not in compliance with the Federal Rule of Civil Procedure 26 disclosure deadline is misplaced. At no point in her Opinion and Order did Judge Collins find that service of the designations and report was untimely or improper. She merely noted that, among other reasons, additional discovery clearly was not necessary for Stephan Machinery's experts to complete their report because they were able to mail a report the day of the deadline (and of the filing of the Emergency Motion). [DE 31 at 2-3.] R&E seems to have

interpreted that Opinion and Order as essentially striking the designations and report for failure to comply with Rule 26, thus eliminating a need for R&E to depose Stephan Machinery's experts or to prepare a rebuttal expert report. R&E did so at its own peril as Stephan Machinery complied with the Scheduling Order and Rule 26(a)(2) of the Federal Rules of Civil Procedure and timely served its expert designations and report.

*Second*, R&E argues that Stephan Machinery failed to comply with Rule 26 because it filed a joint report signed by both experts without delineating which opinions belong to each expert and, even if both experts adopt the exact same opinion, the testimony of the experts is cumulative and must be barred pursuant to Federal Rule of Evidence 403. [DE 45 at 3-9.] R&E failed to point to any case law stating that joint reports are prohibited by courts in the Seventh Circuit. In fact, there is evidence to the contrary. *Sullivan v. Alcatel Lucent USA Inc.*, No. 12 C 07528, 2014 WL 3558690 (N.D. Ill. July 17, 2014); *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, No. 02 C 2260, 2005 WL 838679 (N.D. Ill. Apr. 5, 2005). I will not strike the joint report simply due to its form. I do, however, order Stephan Machinery to designate which portions of the report to which each expert will testify. Furthermore, I will bar any testimony to the extent it is it is needlessly cumulative pursuant to Rule 403.

*Finally*, R&E argues that Stephan Machinery's experts' opinions are not sufficiently reliable to withstand *Daubert* scrutiny. I disagree. R&E objects to two of the expert opinions. At no point does R&E challenge the qualifications of either expert. Rather, R&E challenges the expert testimony regarding the surveillance video of the

fire, arguing that no special skills are needed in viewing the video to determine where the smoke originated or note the darkening of the cardboard box on the bottom shelf of the preparation table. [DE 45 at 9-11.] But the experts are not opining on what is in the video. Rather they are using the video as a factual basis for their opinions and describing how they did so, which is entirely permissible. *See, e.g.*, *United States v. Gardner*, 211 F.3d 1049, 1054 (7th Cir. 2000) (cause and origin expert's reliance on reports, photographs, and third party observations are of a type reasonably relied upon by experts in the field of fire cause and origin); *United States v. Lundy*, 809 F.2d 392, 395-96 (7th Cir. 1987) (arson experts regularly rely on interviews of witnesses to a fire as a standard investigating technique for determining cause and origin of fire).

R&E also challenges the experts' ultimate opinion that the most probable ignition source for the fire was spontaneous combustion of the towels contained in the box on the bottom shelf of the preparation table next to the mixer. [DE 45 at 11-12.] Mark Howard is a Senior Fire Investigator and Gary Woodall is a Senior Forensic Engineer. Both gentlemen have extensive training and experience in investigating and determining the cause of fires. [DE 45-2 at 123-131.] Based on their experience and expertise, it is well within the province of these experts to testify regarding probable ignition sources.

For these reasons, R&E's Motion to Bar the Expert Testimony of Stephan Machinery's Experts and Exclude Their Opinions is denied. As discussed above, R&E neglected to file a rebuttal report or depose Stephan Machinery's experts because it

believed that the report was noncompliant with Rule 26. This approach was ill-conceived, yet in the interest of fairness, I will grant R&E the opportunity to draft and serve a rebuttal report responding to the opinions asserted in R&E's expert report.

**II. Stephan Machinery's Motion for Summary Judgment**.

We now move to Stephan Machinery's Motion for Summary Judgment. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A nonmoving party like R&E is not entitled to the benefit of "inferences that are supported by only speculation or conjecture." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (citations and quotations omitted).

There remain too many genuine disputes as to material facts for me to grant summary judgment – most significantly, the origin of the fire. R&E asserts that it was the mixer and designates evidence from which that fact might reasonably be inferred. [DE 43-2 at 5; DE 43-3 at 25; DE 43-9 at 7; DE 43-11 at 14.] Stephan Machinery asserts that the fire started when oily towels in a box on the lower shelf of the preparation table located next to the mixer spontaneously combusted and designates evidence from which that fact might reasonably be inferred. [DE 45-2 at 8.] Several other material facts remain disputed, including: (1) whether the mixer was plugged in at the time of

the fire [*compare* DE 43-2 at 5; DE 43-10 at 4, 12; *with* DE 45-2 at 6, 9]; (2) whether the mixer was in the same condition as when it was purchased [*compare* DE 43-13 at 7; DE 43-11 at 2; *with* DE 46-1 at 4-5]; and (3) whether the preparation table contained dirty towels [*compare* DE 43-3 at 10-11; DE 43-10 at 6-8, 10; *with* DE 45-2 at 8].

These facts are both material and disputed and therefore must be put to a jury. For these reasons, Stephan Machinery's Motion for Summary Judgment is denied.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** R&E Pizza People Inc.'s Motion to Bar Expert Testimony of Defendant's Experts Gary Woodall and Mark Howard and to Exclude Their Opinions [DE 44]. The Court **ORDERS** Stephan Machinery, Inc. to designate which portions of the report to which each expert will testify. Stephan Machinery, Inc. must do so no later than **December 3, 2015**. The Court **GRANTS** R&E Pizza People, Inc. leave to file a rebuttal report responding to the opinions asserted in Stephan Machinery's expert report no later than **December 10, 2015**. Finally, the Court **DENIES** Stephan Machinery's Motion for Summary Judgment [DE 38] and Motion for Oral Argument [DE 41].

**SO ORDERED**.

ENTERED: November 24, 2015

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**